16-3937
*United States v. Bodouva*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**<u>SUMMARY ORDER</u>**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                  *Chief Judge*,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                  *Circuit Judges*.

UNITED STATES OF AMERICA,

   *Appellee*,

   - v -                                    No. 16-3937

CHRISTINE BODOUVA,

   *Defendant-Appellant*.

For Defendant-Appellant:     MICHAEL GREGORY PATTILLO, JR. (Steven F. Molo, Jessica Ortiz, and Justin Ellis, *on the brief*), MoloLamken LLP, New York, NY and Washington, DC.

For Appellee:     DINA MCLEOD (Michael Ferrara, *on the brief*), Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

1

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court, except insofar as it awarded forfeiture, is **AFFIRMED**. Insofar as the judgment awarded forfeiture, we affirm separately by precedential opinion filed today. *See United States v. Bodouva*, --- F.3d ---, --- WL ----- (2d Cir. Mar. 22, 2017).

Christine Bodouva appeals from her conviction, following a jury trial, of one count of embezzling funds from her company's 401(k) plan in violation of 18 U.S.C. § 664. She argues that the district court erroneously charged the jury and that the district court erroneously excluded evidence pertinent to her defense.[1] We disagree and affirm the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Bodouva claims that the district court's instructions to the jury failed to properly connect the *mens rea* and *actus reus* of a § 664 offense. In addition, Bodouva argues that the jury instructions erroneously conveyed that a knowing civil violation of the Employee Retirement Income Security Act ("ERISA") could satisfy § 664's criminal intent requirements. We review Bodouva's first challenge for harmless error because she preserved her objections to the particular wording of the jury instructions on intent. *See United States v. Botti*, 711 F.3d 299, 307–08 (2d Cir. 2013). We review Bodouva's challenge on the ERISA issue for plain error because she did not raise this objection below. *Id.* With respect to Bodouva's first challenge, "we examine the charge[] as whole to see if the entire charge delivered a correct interpretation of the

---

[1] Bodouva also argues that the district court erroneously concluded that it had no discretion to reduce the amount of the forfeiture order entered against Bodouva by the amount of restitution Bodouva had paid to her victims. We address this argument separately in a contemporaneous Opinion.

law," *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted), and "adequately communicated the essential ideas to the jury," *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation marks omitted). Here, the district court properly instructed the jury on intent and clearly connected the required state of mind with the offense conduct. *See* App. at 519 ("The third element that the government must prove is that the defendant knowingly and willfully embezzled funds from the 401(k) plan."). With respect to Bodouva's challenge on the ERISA issue, we have previously held that informing a jury considering a § 664 charge of a defendant's fiduciary duties under ERISA is permissible when a district court cautions that a breach of such duties is not sufficient to establish an intent to violate § 664. *See United States v. Snyder*, 668 F.2d 686, 690-91 (2d Cir. 1982). Although the district court here described Bodouva's fiduciary duties under ERISA, the district court cautioned the jury as follows in the charge:

> Because this is a criminal case, I want to emphasize that while you may consider as a relevant factor whether the defendant breached her civil fiduciary duties [under ERISA] to the 401(k) plan, you may not convict the defendant merely because she breached her civil fiduciary duties. Such a breach, if you find one, would merely be one factor you may consider with the other evidence in this case in determining whether she acted knowingly and willfully.

App. 521. Accordingly, there was no error, let alone plain error, in the jury instructions in the present case.

Bodouva also argues that the district court erroneously applied Federal Rule of Evidence 403 to exclude evidence of the sources of the money that Bodouva and her family provided to her struggling company during the period in which she embezzled funds from the company's 401(k) plan. We review a trial court's evidentiary rulings for abuse of discretion, and our review of rulings under Fed. R. Evid. 403 is "highly deferential in recognition of the district court's superior position . . . to weigh the probative value of evidence against its potential for unfair prejudice." *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012) (internal quotation marks

3

omitted). The district court did not abuse its discretion in concluding that the risk of unfair prejudice substantially outweighed the probative value of the evidence of sacrifices made by Bodouva and her family. In particular, the sacrifices that Bodouva and her family made to obtain the money they used to support the company were of limited probative value in relation to Bodouva's intent defense and her response to what she characterizes as the government's depiction of Bodouva as greedy and selfish. Weighing against this limited probative value was a substantial risk that evidence of the sources of the money, including a mortgage on a home, retirement savings, and cuts in salary, would unfairly prejudice jurors against the government.

Bodouva also argues that the district court erroneously excluded as irrelevant evidence that, in 2016, Bodouva repaid essentially all of the funds she had embezzled from the 401(k) plan in 2012 and 2013. We review this evidentiary decision for abuse of discretion, and our review is once again "highly deferential in recognition of the district court's superior position to assess relevancy." *Coppola*, 671 F.3d at 244 (internal quotation marks omitted). The district court did not abuse its discretion in concluding that Bodouva's repayment of embezzled funds after she was indicted and years after her offense conduct was not relevant to her intent to violate § 664. *See United States v. Van Elsen*, 652 F.3d 955, 958, 962 (8th Cir. 2011).

We have considered all of Bodouva's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court, except insofar as the district court awarded forfeiture, an issue we deal with separately, is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4